Frank J. Martinez (FJM-2149)
THE MARTINEZ GROUP PLLC
55 Poplar Street, Suite 1-D
Brooklyn, New York 11201
718.797.2341 Telephone
FM@martinezgroup.com
Attorney Docket: 1138-9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
**ROLAND MORGAN,**                               :
                                                 :     ____CV_____
                              Plaintiff,         :
                                                 :
-against-                                        :     **COMPLAINT**
                                                 :
                                                 :     (Jury Trial Demanded)
**NATIONAL CASA ASSOCIATION,**                   :
                                                 :
                                                 :
                              Defendant.         :
-----------------------------------------------------------------X

Plaintiff ROLAND MORGAN ("Morgan" or "Plaintiff"), by and through his attorneys, The Martinez Group PLLC, for his Complaint against Defendant NATIONAL CASA ASSOCIATION ("National CASA" or "Defendant"), hereby alleges as follows:

### NATURE AND SUBSTANCE OF THE ACTION

1. Plaintiff files this action against Defendant for Copyright Infringement under 17 U.S.C. § 501, *et seq.*

2. This action is brought in response to a classic case of Copyright Infringement, specifically, the unauthorized use and distribution of Plaintiff's copyrighted photographs ("Photographs", "Photos", "Still Portrait Photos", or "Still Portrait Photographs").

3. Upon information and belief, Defendant used and distributed unauthorized and infringing copies of Plaintiff's Photos on National CASA's website and in print materials.

4. Title 17 of the United States Code (Copyright Act) was enacted to provide remedies to Copyright owners who suffer damages by reason of such actions.

## JURISDICTION AND VENUE

5. This is an action for Copyright Infringement arising under the Copyright Act of 1976, 17 U.S.C. § 501, *et seq.*, seeking damages by reason of Defendant's ongoing infringement of Plaintiff's valid and subsisting copyright.

6. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, 1338(a), and its supplemental jurisdiction.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400 in that Defendant or Defendant's agents may be found in this District and, upon information and belief, Defendant transacts business in this District.

## THE PARTIES

8. Plaintiff Roland Morgan is an individual with an office located at 1423 North 52nd Street, Seattle, Washington 98103.

9. Plaintiff conducts business worldwide, in the United States, the State of New York, and the County of Kings by way of his website at http://www.rolandmorgan.com.

10. Plaintiff is engaged in the business of web design, still photography, and video production.

11. Defendant is a nonprofit corporation organized under the laws of the State of Washington with its principal place of business located at 100 West Harrison Street, North Tower, Suite 500, Seattle, Washington 98119.

12. Defendant offers services associated with promoting and supporting court appointed special advocates for children.

13. Upon information and belief, Defendant conducts business worldwide, in the United States, the State of New York, and the County of Kings by way of its website at http://www.casaforchildren.org.

## FACTS COMMON TO ALL CLAIMS

14. Plaintiff is in the business of web design, photography, and video production, as well as licensing the use of photography to others.

15. Plaintiff has sold and continues to sell and derive significant revenue from his works and services together with the non-exclusive licensing of photographic and video works and arranging such services to third-parties.

16. Plaintiff is the exclusive owner of U.S. Copyright Registration VA 2-020-154 (7004 CASA – Video – Photographs), a showing of which is attached hereto as Exhibit A.

17. Plaintiff's copyright is valid and subsisting.

18. Plaintiff has at all times been the exclusive owner of all right, title, and interest in and to the Photographs.

19. Pravda Creative, LLC ("Pravda Creative") was a Washington State Limited Liability Company.

20. Upon information and belief, Plaintiff was the sole owner of Pravda Creative.

21. Upon information and belief, Pravda Creative has ceased to exist.

22. Pravda Creative is not a party to this action.

23. Upon information and belief, Plaintiff was an independent contractor hired by Pravda Creative to create the Still Portrait Photographs to be used in the CASA Videos.

24. In May 2011, Defendant contracted with Pravda Creative to work with The Matale Line ("Matale") to create Still Portrait Photographs to be used in two promotional videos for National CASA ("CASA Videos").

25. Upon information and belief, Matale is an advertising agency engaged by the Defendant to assist in the creation of the CASA Videos.

26. Upon information and belief, Matale relinquished its responsibilities for the creation of the CASA Videos, leaving Pravda Creative and Defendant to contract directly.

27. Matale is not a party to this action.

28. Upon information and belief, the agreement between Pravda Creative and Defendant required Defendant to select a limited number of the Photographs provided by Plaintiff.

29. Plaintiff's Photographs have been used in Defendant's advertisements, showings of which are attached hereto as Exhibit B.

30. Upon information and belief, all Photos used by Defendant were created by Plaintiff.

31. Upon information and belief, Defendant did not obtain a license to use those Photographs not included in the CASA Video on websites, in advertising, and for other uses outside of the CASA Videos.

32. Upon information and belief, Defendant did not solicit, seek, or otherwise receive other permissions to use, copy, or distribute Plaintiff's copyrighted works in the manners complained herein.

**DEFENDANT'S ACTIONS**

33. Upon information and belief, Defendant elected to ignore the requirement that Defendant limit its use of the Still Portrait Photographs from those provided by Plaintiff.

34. Upon information and belief, less than five (5) of Plaintiff's Still Portrait Photographs appear the CASA Video.

35. Upon information and belief, there have been at least 66 unlicensed and infringing uses of Plaintiff's Photographs either by Defendant or as the result of Defendant's unauthorized distribution of Plaintiff's Photographs.

36. The total number of unauthorized uses of Plaintiff's Photographs is not known at this time.

37. Upon information and belief, Defendant has impermissibly used Plaintiff's Photos on its website, informational materials, advertisements, and social media for its services, showings of which attached hereto as Exhibit C.

38. Upon information and belief, Defendant has further impermissibly distributed the Photographs to an undetermined number of its partner programs ("CASA programs" and/or "Guardian ad Litem programs") throughout the United States, showings of which are attached hereto as Exhibit D.

39. Upon information and belief, there are nearly 1,000 CASA programs in the United States.

40. Upon information and belief, there are at least six (6) CASA programs located in New York State and at least one CASA program located in Brooklyn, New York, the County of Kings, within the Eastern District, a showing of which is attached hereto as Exhibit E.

41. Upon information and belief, CASA programs throughout the United States are independent non-profit organizations.

42. Defendant's use of the Photographs in the manners complained of herein represent multiple and ongoing infringements of Plaintiff's valid copyright in and to the Photographs.

43. The natural, probable, and foreseeable result of Defendant's wrongful conduct has been and continues to be to deprive Plaintiff of the benefits and revenue from the sale of appropriate licenses to use the Photographs in the manners complained of herein.

44. The natural, probable, and foreseeable result of Defendant's wrongful conduct has been and continues to be to injure Plaintiff's relationships with present and prospective customers who rely on the cachet that exclusive licensing creates in the Photographs.

45. Plaintiff has lost and will continue to lose substantial revenue from Defendant's wrongful use, distribution, and creation of unauthorized infringing works.

46. Defendant has refused to comply with Plaintiff's reasonable request for resolution of this matter despite several demands for such action.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501, *et seq*.

47. Plaintiff repeats and realleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 46, inclusive, and incorporates them herein by this reference.

48. Upon information and belief, Defendant has created or caused to be created unauthorized and infringing copies of several works forming a part of the Photos.

49. By reason thereof, Defendant has infringed and will continue to infringe Plaintiff's valuable copyright in and to the Photographs.

50. Defendant's actions represent a past and ongoing infringement of Plaintiff's copyright under 17 U.S.C. § 501, *et seq*.

51. Plaintiff is entitled to recover damages he has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendant together with prejudgment interest as a result of the acts of infringement alleged herein.

52. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff, but are believed to be not less than $7,325,000 together with prejudgment interest and reasonable costs and fees or Statutory Damages under Copyright Law, whichever is greater.

53. Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501, *et seq*.

54. Plaintiff repeats and realleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 53, inclusive, and incorporates them herein by this reference.

55. By reason of the conduct complained of herein, upon information and belief, Defendant has engaged and will continue to engage in the knowing activities of systematically inducing and materially causing others to contribute to the past and ongoing infringements of Plaintiff's Photographs.

56. Defendant's actions complained of herein constitute contributory Copyright Infringement by way of the uncontrolled distribution of Plaintiff's Photographs.

57. Defendant has derived substantial benefit from the use of unauthorized derivative versions of Plaintiff's Photographs.

58. Plaintiff is entitled to recover damages he has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendant as a result of the actions of infringement alleged herein.

59. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained, but is believed to be not less than $7,325,000 together with prejudgment interest and reasonable costs and fees.

60. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests and prays that this Court will:

1. Preliminarily and permanently enjoin and restrain Defendant, its officers, directors, principals, agents, servants, employees, successors, assigns, and all those in active concert or participation with them from:

    a. imitating, copying, distributing, or making unauthorized use of Plaintiff's registered copyright, including the infringing use of the Photographs complained of herein; and

    b. manufacturing, creating, producing, advertising, promoting, or displaying any products, displays, or advertisements bearing any simulation, reproduction, counterfeit, copy, derivative version, or colorable imitation of Plaintiff's Photographs created by way of the unauthorized use of Plaintiff's Photographs;

2. Direct that Defendant deliver the following for destruction at Defendant's expense, *inter alia*, all copies of the infringing works identified herein that bear or were created through the unauthorized use of Plaintiff's Photographs or a derivative version thereof, together

with any and all computer files, hard drives, computer programs, solid state drives, disks, CD-ROMs, and DVDs bearing unauthorized, derivative and/or infringing copies of the Photographs, as well as any and all other recorded media, graphical representations, displays on the Internet, marketing materials, and merchandise in Defendant's possession or under its control that were created or that bear the result of the unauthorized use of Plaintiff's Photographs;

3. Direct the imposition of a constructive trust for all monies received by Defendant from all sales, license, payments, or other benefits received by reason of the unauthorized uses of Plaintiff's copyright together with prejudgment interest and reasonable costs and fees;

4. Direct that Defendant be required to pay Plaintiff damages in the amount of $7,325,000 for all gains, profits, and advantages derived by Defendant through its unauthorized uses of Plaintiff's copyright together with prejudgment interest and reasonable costs and fees;

5. Direct that Defendant be required to pay to Plaintiff such other damages that he has sustained as a consequence of Defendant's unauthorized use of Plaintiff's Copyrighted Work;

6. Direct that Defendant be ordered to make a written report within a reasonable period of time to be filed with the Court detailing the manner of compliance with the requested injunctive and mandatory relief above;

7. Award Plaintiff the costs of this action together with prejudgment interest, reasonable costs, and attorneys' fees; and

8. Award Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff Roland Morgan hereby demands a trial by jury.

Dated: July 27, 2017                    Respectfully submitted,
                                        THE MARTINEZ GROUP PLLC


                                  By:   /Frank J. Martinez/
                                        Frank J. Martinez (FJM-2149)
                                        Attorney for Plaintiff
                                        *Roland Morgan*

                                        THE MARTINEZ GROUP PLLC
                                        55 Poplar Street, Suite 1-D
                                        Brooklyn, New York 11201
                                        718.797.2341 Telephone
                                        FM@martinezgroup.com

{00026354 v.1}